# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ANDREW O'DELL,<br>CDCR #F-03425,<br><br>                                Plaintiff,<br><br>vs.<br><br>LARRY SMALL; RAY MADDEN;<br>NELSON; JOHN MUNGER;<br>G. BADILLA,<br><br>                                Defendants. | Civil No.   11-2181 WQH (BGS)<br><br>**ORDER:**<br><br>**(1)  GRANTING PLAINTIFF'S MOTIONS TO PROCEED *IN FORMA PAUPERIS* [ECF No. 4];**<br><br>**(2)  SUA SPONTE DISMISSING CLAIMS AND DEFENDANTS FOR FAILING TO STATE A CLAIM AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b); AND**<br><br>**(3)  DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) & 28 U.S.C. § 1915(d)** |

Eric Andrew O'Dell ("Plaintiff"), currently incarcerated at Centinela State Prison located in Imperial, California, and proceeding pro se, has filed a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 4].

## I. Motion to Proceed *In Forma Pauperis*

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion

to Proceed IFP [ECF No. 4] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.   Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

Because Plaintiff is proceeding IFP and is a "prisoner" as defined by 28 U.S.C. § 1915(h), the Court must also review his Complaint sua sponte before service, and dismiss the entire action, or any part of his Complaint, if it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, 28 U.S.C. § 1915(e)(2) and § 1915A mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(3). *See Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988),

1 | which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261
2 | (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the
3 | court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board*
4 | *of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

5 |      Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person
6 | acting under color of state law committed the conduct at issue, and (2) that the conduct deprived
7 | the claimant of some right, privilege, or immunity protected by the Constitution or laws of the
8 | United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on*
9 | *other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d
10 | 1350, 1354 (9th Cir. 1985) (en banc).

11 |      As an initial matter, the Court notes that Plaintiff seeks to bring claims relating to a
12 | disciplinary hearing and time he spent in Administrative Segregation ("Ad-Seg"). However,
13 | these claims are subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because
14 | they appear to be duplicative of claims brought in another action Plaintiff has already litigated.
15 | Plaintiff's Complaint contains identical claims that are found in *O'Dell v. McEwen, et al.*, S.D.
16 | Cal. Civil Case No. 11cv0179 H (CAB). A court "may take notice of proceedings in other
17 | courts, both within and without the federal judicial system, if those proceedings have a direct
18 | relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v.*
19 | *Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

20 |      A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it
21 | "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103,
22 | 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal
23 | quotations omitted). Because Plaintiff has already litigated the same claims presented in the
24 | instant action in *O'Dell v. McEwen, et al.*, S.D. Cal. Civil Case No. 11cv0179 H (CAB), the
25 | Court hereby **DISMISSES** Plaintiff's Fourteenth Amendment due process claims from this
26 | action pursuant to 28 U.S.C. § 1915A(b)(1) without leave to amend. *See Cato*, 70 F.3d at 1105
27 | n.2; *Resnick*, 213 F.3d at 446 n.1.
28 | / / /

In addition, the Court finds it appropriate to dismiss Defendants Small, Madden and Nelson from this matter as Plaintiff seeks to hold them liable in their supervisory capacity. However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Supervisory prison officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded, however, Plaintiff's Complaint fails to set forth facts which might be liberally construed to support an individualized constitutional claim against Defendants Small, Madden or Nelson.

However, as to the remainder of Plaintiff's Complaint, specifically his Eighth Amendment excessive force claims against Munger and Badilla, the Court finds these claims are sufficiently pleaded to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore, the Court will authorize U.S. Marshal service as to these claims on Plaintiff's behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

### III. Conclusion and Order

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 4] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Fourteenth Amendment due process claims are **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)(1).

5. Plaintiff's claims against Defendants Small, Madden and Nelson are **DISMISSED** for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)(1). The Clerk of Court is directed to terminate these Defendants from the docket.

6. The Clerk shall issue a summons as to Plaintiff's Complaint [ECF No. 1] upon the remaining Defendants Munger and Badilla and shall and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and copies of his Complaint and the summons for purposes of serving each Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the U.S. Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package.

1  Thereafter, the U.S. Marshal shall serve a copy of the Complaint and summons upon each
2  Defendant as directed by Plaintiff on each Form 285.  All costs of service shall be advanced by
3  the United States.  *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

4      7.     Defendants are thereafter **ORDERED** to reply to Plaintiff's Complaint within the
5  time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42
6  U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to
7  reply to any action brought by a prisoner confined in any jail, prison, or other correctional
8  facility under section 1983," once the Court has conducted its sua sponte screening pursuant to
9  28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based
10 on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the
11 merits," Defendants are required to respond).

12     8.     Plaintiff shall serve upon Defendants or, if appearance has been entered by
13 counsel, upon Defendants' counsel, a copy of every further pleading or other document
14 submitted for consideration of the Court.  Plaintiff shall include with the original paper to be
15 filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy
16 of any document was served on Defendants, or counsel for Defendants, and the date of service.
17 Any paper received by the Court which has not been filed with the Clerk or which fails to
18 include a Certificate of Service will be disregarded.

19 **IT IS SO ORDERED.**

20 DATED:  November 28, 2011

21
22                                        **WILLIAM Q. HAYES**
                                       United States District Judge