UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ANDREW O'DELL,<br><br>                     Plaintiff,<br>  vs.<br>JEFF MUNGER; G. BADILLA,<br><br>                    Defendant. | CASE NO. 11cv2181-WQH-BGS<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation (ECF No. 29) issued by United States Magistrate Judge Bernard G. Skomal, recommending that the Motion to Dismiss filed by Defendants Jeff Munger and G. Badilla (ECF No. 20) be granted.

**BACKGROUND**

On September 19, 2011, Plaintiff Eric Andrew O'Dell, a state prisoner incarcerated at Calipatria State Prison and proceeding pro se, filed a Complaint against four prison officials, asserting claims for deprivation of his Fourteenth and Eighth Amendment rights in violation of 42 U.S.C. section 1983. (ECF No. 1).

On November 28, 2011, the Court issued a screening order pursuant to 28 U.S.C. sections 1915(e)(2) and 1915(A)(b). The Court sua sponte dismissed the Fourteenth Amendment claims asserted by Plaintiff without leave to amend. The Court sua sponte dismissed Defendants Small, Madden, and Nelson on the grounds that "Plaintiff's Complaint fails to set forth facts which might be liberally construed to support an individualized constitutional claim against Defendants Small, Madden or Nelson." In Count One, which the

Court found to be sufficiently plead to survive sua sponte dismissal, Plaintiff alleged that Defendants Munger and Badilla used excessive force against him, violating his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff seeks money damages in the amount of $4 million.

On April 2, 2012, Defendants filed the Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b). (ECF No. 14). Defendants contend that the Eighth Amendment claims asserted by Plaintiff against Defendants Munger and Badilla should be dismissed on the grounds that Plaintiff failed to exhaust his administrative remedies, as required under the Prison Litigation Reform Act ("PJRA"). (ECF No. 14-1 at 4-10) (citing 42 U.S.C. § 1997e(a)). Defendants contend that Plaintiff's claim for damages should be dismissed because Defendants are entitled to sovereign immunity and the Court "lacks jurisdiction to hear monetary claims against a state or state officials in their official capacities." *Id.* at 3.

On May 2, 2012, Plaintiff filed a Response to the Motion to Dismiss. (ECF No. 16). Plaintiff contends that the Motion to Dismiss should be denied because he has exhausted his administrative remedies. (ECF No. 16). Plaintiff asserts that "on about April 22, 2009 Plaintiff did send a CDC 602 to the appeals coordinator that was filed on 4-29-2009... In this appeal I did state that I was wrongfully assaulted by Officer J. Munger...." *Id.* at 1. Plaintiff asserts that he requested, in his CDC appeal, a copy of the prison incident report, copies of medical records, and an investigation into this matter by the Office of Internal Affairs. *Id.* at 1-2. Plaintiff requests that "if the court[] finds that Petitioner has not exhausted his administrative remedies that it dismiss the Complaint without prejudice and that all equitable tolling be granted in this case while Petitioner exhausts his administrative remedies." *Id.* at 3.

On October 29, 2012, the Magistrate Judge issued the Report and Recommendation, recommending that the Motion to Dismiss be granted. (ECF No. 21). The Magistrate Judge recommended that the Eighth Amendment claims be dismissed with leave to amend on the grounds that Plaintiff has failed to exhaust his administrative remedies and the claims are

barred by the Prison Litigation Reform Act. The Magistrate Judge recommended that the monetary claims be dismissed with prejudice on the grounds that the Defendants have immunity from such claims under the Eleventh Amendment and any attempt to amend would be futile. The Report and Recommendation provided that any objections must be filed no later than seventeen days after receiving a copy of the Report and Recommendation.

The docket reflects that no objections to the Report and Recommendation have been filed.

## REVIEW OF THE REPORT AND RECOMMENDATION

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a Report and Recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

After review of the Report and Recommendation, the Complaint, and the submissions of the parties, the Court concludes that the Magistrate Judge set forth the correct legal standard for evaluating a motion to dismiss filed in a section 1983 prisoner civil rights action. *See* ECF No. 21 at 4 (citing 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title ... until such administrative remedies as are available are exhausted."); *Wyatt v. Terhune*, 315 F. 3d 1108, 1119 (9th Cir. 2003) (explaining that a non-enumerated Rule 12(b) motion is the proper method of establishing non-exhaustion of administrative remedies under 42 U.S.C. section 1997e(a))). The Magistrate Judge correctly found that "Plaintiff never pursued any of his grievances through the final level of review" and that "Plaintiff does not qualify for an exception to the exhaustion requirements." (ECF No. 21 at 7-8). The Magistrate Judge correctly concluded that Plaintiff has failed to exhaust his administrative remedies and that the Eighth Amendment claims asserted by Plaintiff should

be dismissed without prejudice. *Id.* at 8; *see also Wyatt*, 315 F. 3d at 1108. The Magistrate Judge correctly concluded that the monetary claims asserted by Plaintiff should be dismissed with prejudice. *Id.* at 8-9; *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 21) is adopted in its entirety. The Motion to Dismiss is GRANTED. Count One of the Complaint is DISMISSED without prejudice and with leave to amend, but "only if [Plaintiff] first exhausts his administrative remedies." *Id.* at 9. The monetary claims asserted by Plaintiff are DISMISSED with prejudice.

DATED:  January 2, 2013

**WILLIAM Q. HAYES**
United States District Judge